IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| V.L., Individually and as<br>Guardian Ad Litem of D.A.-J.,<br>an incompetent minor,<br><br>                Plaintiffs,<br><br>        vs.<br><br>PATRICIA HAMAMOTO, in her<br>official capacity as<br>Superintendent of the<br>Department of the Hawaii Public<br>Schools, and DEPARTMENT OF<br>EDUCATION, STATE OF HAWAII,<br><br>                Defendants. | CIVIL NO. 06-00050 HG-BMK<br><br>**ORDER GRANTING PLAINTIFFS'<br>MOTION FOR PARTIAL SUMMARY<br>JUDGMENT** |

**ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiffs V.L., individually and as guardian ad litem of

D.A.-J., an incompetent minor ("Plaintiffs") are seeking a

determination from the Court that they are the prevailing party

within the meaning of 20 U.S.C. § 1415.  Plaintiffs seek to be

declared the "prevailing party" so that they may collect

attorneys' fees and costs.  For the reasons set forth below,

Plaintiffs' Motion for Partial Summary Judgment is GRANTED.

**PROCEDURAL HISTORY**

On January 24, 2006, Plaintiffs filed a Complaint.

On February 14, 2006, Defendants filed their Answer to the

Complaint.

On March 2, 2006, Plaintiffs filed their Motion for Partial

Summary Judgment.

On March 23, 2006, Defendants filed a Memorandum in Opposition to Plaintiffs' Motion for Partial Summary Judgment.

On March 28, 2006, Plaintiffs filed their Reply to Defendants' Opposition.

On April 10, 2006, a hearing was held on Plaintiffs' motion.

**SUMMARY OF FACTS**

D.A.-J. is a minor in the 5th grade.  D.A.-J. has a twin brother.  Due to severe emotional and physical abuse by their birth mother when the twins were very young, these children suffer from several emotional and mental disorders.  The primary diagnoses are Reactive Attachment Disorder and Post-Traumatic Stress Disorder.  D.A.-J. exhibits extreme symptoms of both disorders.  She has been hospitalized in psychiatric settings and returned to residential placements repeatedly.

On September 9, 2005, Plaintiffs filed a request for an impartial hearing under the Individuals with Disabilities in Education Act ("IDEA").  D.A.-J. was in a therapeutic foster home on the Big Island at that time.  On September 9, 2005, V.L. filed a due process petition for an administrative hearing on D.A.-J.'s behalf.  One of the issues was placing D.A.-J. in the environment she requires in order to learn.  A Resolution Session was scheduled to be held on September 20, 2005.  Prior to that date

D.A.-J. was returned to Oahu because neither the school nor the therapeutic residential placement were capable of coping with D.A.-J.'s extreme behaviors.  She was returned to the home of V.L. without any services or supports in place while they waited for a space in Queen's residential psychiatric unit to open up.

On September 20, 2005, a Resolution Session was held.  The Department of Education did not consider Plaintiffs' request to have D.A.-J. placed in a specialized treatment center because this was not specifically requested in the original due process petition.  On September 26, 2005, Plaintiffs filed a second Request for Impartial Hearing asking specifically for mainland residential placement for D.A.-J.

On October 12, 2005, a second Resolution Session was held. On October 17, 2005, Defendants issued a prior written notice with the official placement change, placing D.A.-J. in a mainland residential facility.  On October 26, 2005, Defendants presented Plaintiffs with a "Settlement Agreement" dated October 12, 2005. The Settlement Agreement provided that a neurological request would be made by V.L., the referral for mainland placement would be submitted by the Department of Health, and contingent to D.A.-J. being released from Queen's Medical Center, the Department of Health would offer MST support.  A transition meeting was to be held at least one week prior to the release from Queens if D.A.-J. was returned home.  (See Resolution Session Summary 10/12/05

attached as Pl.s' Ex. 2).

Plaintiffs did not accept the agreement as proposed. Plaintiffs objected to the waiver of liability language contained in the agreement, and to the fact that payment of V.L.'s attorneys' fees to date was not addressed, although Defendants were noticed within both the original and the second Request for Impartial Hearing that attorneys' fees and costs would be sought.

On October 28, 2005, Plaintiffs presented Defendants with a counter-offer which included fees and costs. On October 29, 2005, Defendants informed Plaintiffs that they refused to include attorneys' fees and costs incurred in the filing of the due process petitions. (Pl.s' Concise Stmt. ¶ 6.) On November 1, 2005, Plaintiff offered to settle this case for attorneys's fees and costs of $3,161.60, but Defendants refused. (Id. at ¶¶ 7-8.) Plaintiffs allege that between November 1 and November 7, they incurred further attorneys' fees and costs. (Id. at ¶ 9.) On November 7, 2005, Plaintiffs offered to settle their case for attorneys' fees and costs of $4,457.60, and further offered to discount their fees by 10% if an immediate agreement could be reached. (Id. at ¶ 10.)

No agreement was ever reached, and Defendants filed a Motion to Dismiss on November 9, 2005. Plaintiffs filed a Motion for Partial Summary Judgment on November 9, 2005. Following hearings on both motions, the Administrative Hearings Officer filed an

Order on January 3, 2006, entitled, "Order Granting Petitioners'
Motion for Summary Judgment and Denying Respondents' Motion to
Dismiss."

## STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine
issue as to any material fact and the moving party is entitled to
judgment as a matter of law.  Fed. R. Civ. P. 56(c).  There must
be sufficient evidence that a reasonable jury could return a
verdict for the nonmoving party.  Nidds v. Schindler Elevator
Corp., 113 F.3d 912, 916 (9th Cir. 1996).

The moving party has the initial burden of "identifying for
the court the portions of the materials on file that it believes
demonstrate the absence of any genuine issue of material fact."
T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809
F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp. v. Catrett,
477 U.S. 317, 323 (1986)).  The moving party, however, has no
burden to negate or disprove matters on which the opponent will
have the burden of proof at trial.  The moving party need not
produce any evidence at all on matters for which it does not have
the burden of proof.  Celotex, 477 U.S. at 325.  The moving party
must show, however, that there is no genuine issue of material
fact and that he or she is entitled to judgment as a matter of
law.  That burden is met simply by pointing out to the district
court that there is an absence of evidence to support the

nonmovant's case.   Id.

If the moving party meets its burden, then the opposing
party may not defeat a motion for summary judgment in the absence
of probative evidence tending to support its legal theory.
Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 282
(9th Cir. 1979).   The opposing party must present admissible
evidence showing that there is a genuine issue for trial.   Fed.
R. Civ. P. 56(e); Brinson v. Linda Rose Joint Venture, 53 F.3d
1044, 1049 (9th Cir. 1995).   "If the evidence is merely
colorable, or is not significantly probative, summary judgment
may be granted."   Nidds, 113 F.3d at 916 (quoting Anderson v.
Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).

The court views the facts in the light most favorable to the
non-moving party.   State Farm Fire & Casualty Co. v. Martin, 872
F.2d 319, 320 (9th Cir. 1989).

Opposition evidence may consist of declarations, admissions,
evidence obtained through discovery, and matters judicially
noticed.   Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 324.   The
opposing party cannot, however, stand on its pleadings or simply
assert that it will be able to discredit the movant's evidence at
trial.   Fed. R. Civ. P.  56(e); T.W. Elec. Serv., 809 F.2d at
630.   The opposing party cannot rest on mere allegations or
denials.   Fed. R. Civ. P. 56(e); Gasaway v. Northwestern Mut.
Life Ins. Co., 26 F.3d 957, 959-60 (9th Cir. 1994).   Nor can the

opposing party rest on conclusory statements.  <u>National Steel
Corp. v. Golden Eagle Ins. Co.</u>, 121 F.3d 496, 502 (9th Cir.
1997).

**<u>ANALYSIS</u>**

Plaintiffs bring a Motion for Partial Summary Judgment,
asking the Court to declare that they are the "prevailing party."
Defendants argue that Plaintiffs have failed to establish that
the Court has jurisdiction in this matter.  Defendants also argue
that Plaintiffs have failed to establish that they are the
"prevailing party."  The Court finds jurisdiction is present in
this matter, and that Plaintiffs are the "prevailing party."
Plaintiffs' Motion for Partial Summary Judgment is GRANTED.

**I.    JURISDICTION OF THE COURT**

Procedural Safeguards, 20 U.S.C. § 1415, states that any
party aggrieved by a hearings officer's decision can bring a
civil action without regard to amount in controversy.  The
statute further notes "[i]n any action or proceeding brought
under this section, the court, in its discretion, may award
reasonable attorneys' fees as part of the costs" to a prevailing
party.  20 U.S.C. § 1415(i)(3)(B).

Defendants contend that Plaintiffs can only request fees and
costs as a result of the Court first having jurisdiction under 20
U.S.C. § 1415(i)(2)(A), as a claim that is ancillary to the
underlying hearings process.  Plaintiffs argue that the claim can
be brought as an independent action under 20 U.S.C. §

7

1415(i)(3)(B).

The 9th Circuit Court of Appeals has not addressed the matter of whether attorneys' fees and costs are an ancillary claim to an administrative hearing or if it is an independent claim under IDEA.  The issue was raised in the District Court of Hawaii, in Holmes ex rel. Hitchens v. Department of Educ., 234 F. Supp. 2d 1156 (D. Haw. 2002).  The Holmes Court found that the plaintiff's action, though solely for attorney's fees and costs for prevailing at the administrative level, was allowed for under 20 U.S.C. § 1415(i)(3)(B).  Id. at 1157-58.  The Holmes Court specifically stated that the "IDEA provides a separate cause of action for fees under 20 U.S.C. § 1415(i)(3)(B) if the plaintiff has 'prevailed' at the administrative level." Id. at 1158.  The Court finds the reasoning in Holmes persuasive and that it has jurisdiction in this matter.

## II.  PLAINTIFFS ARE THE PREVAILING PARTY

The Administrative Hearings Officer's January 3, 2006 Order entitled "Order Granting Petitioners' Motion for Summary Judgment and Denying Respondents' Motion to Dismiss" ("Order") gave relief to the Plaintiffs.  The Administrative Hearings Officer clearly finds that Defendants were in violation of Hawaii Administrative Rules ("HAR") § 8-56-36 for failing to allow V.L. to participate in the August 10, 2005 Individualized Education Program meeting, and HAR § 8-56-45 for failing to provide D.A.-J. with an appropriate placement prior to the October 14, 2005

Individualized Education Program.  (Order at 3.)  The Order is a
final ruling granting Plaintiffs relief.

Defendant argues that Plaintiffs have failed to establish
that they are the prevailing party.  Defendant cites <u>Buckhannon</u>
<u>Bd. and Care Home, Inc. v. West Virginia Dep't of Health and</u>
<u>Human Resources</u>, 532 U.S. 598 (2001), and argues that Plaintiffs
obtained nothing from the Motion that was granted by the Hearings
Officer and that Plaintiffs cannot be considered a "prevailing
party."  Plaintiffs set forth that the determination by the
hearings officer that the DOE was in violation of two statutes
under IDEA changed the legal status of Plaintiff to that of
"prevailing party."  (See Plaintiffs' reply at page 3).

In <u>Buckhannon</u>, plaintiffs challenged a West Virginia law
requiring all residents of residential board care homes to be
capable of "self preservation;" i.e. capable of independently
moving themselves away from imminent danger, such as a fire.
<u>Buckhannon</u>, 532 U.S. at 600-01. The plaintiffs sought declaratory
and injunctive relief under the Fair Housing Amendments Act of
1988 ("FHAA") and the Americans with Disabilities Act of 1990
("ADA"). <u>Id</u>.  While the case was pending, the West Virginia state
legislature eliminated the "self preservation" requirement.  <u>Id.</u>
at 601.  The defendants moved to dismiss the case as moot.  <u>Id.</u>
The district court granted the motion.  <u>Id.</u>

The plaintiffs subsequently requested attorneys' fees as the
"prevailing party" under the FHAA and ADA, arguing their suit was

the catalyst of the defendant's voluntary, legislative change.
Id.  The Court determined "that the 'catalyst theory' is not a
permissible basis for the award of attorney's fees under" the
FHAA and the ADA.  Id. at 610.

The Supreme Court held that under the FHAA or ADA a party
was required to secure either a judgment on the merits or a
court-ordered consent decree in order to qualify as a "prevailing
party."  The Court held "[a] defendant's voluntary change in
conduct, although perhaps accomplishing what the plaintiff sought
to achieve by the lawsuit, lacks the necessary judicial
imprimatur on the change."  Id. at 605.

The application of Buckhannon to IDEA was reviewed by the
Ninth Circuit Court of Appeals in Noyes v. Grossmont Union High
School Dist., 331 F. Supp. 2d 1233 (S.D. Cal. 2004).  The Noyes
Court examined what "prevailing party" means after Buckhannon as
it applies to IDEA.

The Noyes Court reviewed the "prevailing party" standard in
an ADA case, Barrios v. California Interscholastic Federation,
277 F.3d 1128 (9th Cir. 2002).  The Noyes Court found that, as in
Barrios, Buckhannon only bars recovery to a plaintiff who was a
catalyst for legislative change. Noyes, 331 F. Supp. 2d at 1241.
The Noyes Court noted that IDEA encourages early resolution of
dispute between parties, requiring states to provide for
voluntary mediation whenever a due process hearing is requested,

10

and that early resolution of IDEA claims benefits the children for whom the statute was enacted.  <u>Id.</u> at 1242.  In finding this, the Court noted that "[a]pplication of <u>Buckhannon</u> to the IDEA contravenes the statute's preference for early settlement and is detrimental to the child's educational interests...." <u>Id.</u>  "In sum, <u>Barrios</u> requires this Court to recognize a private settlement agreement can bestow prevailing party status." <u>Id.</u> at 1243.

In <u>Noyes</u>, Final Mediation Agreement was the basis for recovery of the attorneys' fees.  Here, there were ongoing negotiations between the Plaintiffs and Defendants in an attempt to reach an agreement that would result in a Fair and Appropriate Public Education ("FAPE") for D.A.-J.   Though an agreement was reached on the terms of the FAPE, there was no resolution on the issue of attorneys' fees and therefore no private settlement agreement.  When the Administrative Hearings Officer granted the Plaintiffs' motion for summary judgment and denied the Defendants' motion to dismiss, Plaintiff was granted relief. This relief is the basis by which Plaintiffs seek an award of attorneys' fees.  The Order issued by the Administrative Hearings Officer bestowed prevailing party status.

Plaintiffs' Motion for Partial Summary Judgment is GRANTED.

11

## CONCLUSION

In accordance with the foregoing, the Court HEREBY ORDERS that:

1.  Plaintiffs are the "prevailing party."

2.  This matter is referred to the Magistrate Judge for the purpose of determining attorneys' fees and costs.

3.  Plaintiffs' Motion for Partial Summary Judgment is GRANTED.

IT IS SO ORDERED.

DATED:    Honolulu, Hawaii, April 24, 2006.



  /s/ Helen Gillmor
Chief United States District Judge

_____

V.L. v. Hamamoto, et al., CIVIL NO. 06-00050 HG-BMK.  **ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT.**